UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WALTER WARD III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-CV-329 |
| | ) |
| FORT WAYNE POLICE | ) |
| DEPARTMENT OFFICERS DAVID | ) |
| TINSLEY and JASON FUHRMAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is now before the Court[1] on the Defendants' motion *in limine* filed on November 21, 2011.  (Docket # 34.)  Plaintiff responded on November 30, 2011, objecting to only one of the seven items Defendants catalogued in the motion *in limine* (Docket # 46); Defendants filed their Reply on December 2, 2011.[2]  (Docket # 55, 58.)  As such, the motion is now ripe for ruling.  For the reasons provided below, the Defendants' motion in *limine* will be GRANTED.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Walter Ward III is suing the Defendants, Fort Wayne Police Department (FWPD) Officers David Tinsley and Jason Fuhrman, under 42 U.S.C. § 1983.  Ward's claim

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (*See* Docket # 12.)

[2] Defendants' Reply Memorandum in Support of their Motion *in Limine* seems to have been filed and docketed twice, once on December 2, 2011 (Docket # 55), and again on December 5, 2011 (Docket # 58).

1

arises out of the events that occurred on October 9, 2008, when Officers Tinsley and Fuhrman were dispatched to Ward's home on a domestic disturbance call and subsequently arrested him. (Compl. ¶¶ 3, 5.)  Ward contends that Officers Tinsley and Fuhrman violated his Fourth Amendment rights by using excessive force against him during the course of his arrest on October 9, 2008.

### III.  NATURE OF AN ORDER *IN LIMINE*

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question."  *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part) (citation omitted).  "Federal district courts have the power to exclude evidence *in limine* pursuant to their authority to manage trials."  *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (citation omitted).

"[A]s the term 'in limine' suggests, a court's decision on such evidence is preliminary in nature and subject to change."  *Id*.; *see United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").  In fact, the Seventh Circuit Court of Appeals has specifically noted that "a ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer."  *Connelly*, 874 F.2d at 416 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Thus, a ruling on a motion *in limine* is not a final ruling on the admissibility of the evidence that is the subject of the motion, *see Wilson*, 182 F.3d at 570-71; rather, an order on a

2

motion *in limine* is essentially an advisory opinion, "merely speculative in effect," *id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## IV.  UNOPPOSED PORTIONS OF DEFENDANTS' MOTION *IN LIMINE* (NOS. 1-4, 6-7)

Ward does not object to Defendants' effort to preclude references or allusions to any prior or subsequent incidents involving accusations of excessive force against the Defendants or other members of the FWPD; the disciplinary records of the Defendants or other members of the FWPD; other excessive force incidents, claims, or lawsuits; any medical opinions contained in Ward's medical records, unless the physician who generated the medical record is called as a witness at trial; attorney's fees; or any settlement negotiations engaged in by the parties.  As such, the Defendants' motion is GRANTED as to these matters.

## V.  EVIDENCE REGARDING WARD'S ALLEGED INJURIES FROM THE INCIDENT (NO. 5)

Defendants seek to prevent any lay testimony from Ward or others that "his arrest proximately caused any medical, psychological, or psychiatric condition."  (Defs.' Mem. in Supp. of Mot. in Limine 11.)  They contend that "[m]atters regarding the causation of a medical, psychological or psychiatric condition require expert testimony."  (Defs.' Mem. in Supp. of Mot. in Limine 11.)  Such matters of causation do necessitate expert testimony.  *See, e.g.*, *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 821 (N.D. Ill. 2010).  In this case, however, that avenue is closed because Ward never disclosed any expert witnesses under Federal Rule of Civil Procedure 26(a)(2), and the time to do so has now passed.  *Brown v. City of Fort Wayne*, No. 1:09-cv-150, 2011 WL 2690470, at *4 (N.D. Ind. July 11, 2011); *see* Fed. R. Civ. P. 26(a)(2)(D). Defendants further argue that, under Federal Rules of Evidence 403, 701, and 702, testimony from Ward or any other lay witness about the causation of Ward's alleged physical injury or

mental illness is beyond his, or their, knowledge and qualifications.  (Defs.' Mem. in Supp. of Mot. in Limine 12.)  Additionally, and for essentially the same reasons, Defendants seek to exclude any medical records or bills and any testimony about them.  (Defs.' Mem. in Supp. of Mot. in Limine 12.)  Nevertheless, they concede that Ward may discuss "the symptoms he experienced at the time of the arrest."  (Defs.' Mem. in Supp. of Mot. in Limine 12.)

Defendants correctly delineate the bounds of permissible testimony and evidence concerning causation.  Indeed, under Federal Rule of Evidence 701, a lay witness may offer opinion testimony to the extent that it is:  "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  Therefore, a lay witness is entitled to testify about his "own perceptions, including the physical and emotional effects of the defendants' alleged conduct."  *Christmas*, 691 F. Supp. 2d at 821.  He "cannot, however, offer medical opinions that require scientific, technical, or other specialized knowledge," "give any complex medical diagnoses or opine on any long term medical conditions."  *Id*. (citation and internal quotation marks omitted).

Consequently, Ward may testify about his own perception of his physical and mental health, before and after the incident.  This includes recounting any pain, fear, or anxiety he experienced during those times.  *See Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir. 2009) (allowing plaintiff to describe pain resulting from attack where there is "no . . . complicated question of medical causation"); *United States v. Cravens,* 275 F.3d 637, 640 (7th Cir. 2001) (allowing lay opinion testimony to establish existence of drug or alcohol problem); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196-98 (3d. Cir. 1995) (recognizing lay

testimony as to health as "quintessential Rule 701 opinion testimony"); *Holleman v. Duckworth*, 700 F.2d 391, 395 (7th Cir. 1983) (permitting plaintiff's testimony as to his own medical symptoms).

No witness, however, shall be permitted to opine that the arrest proximately caused Ward's mental and physical health problems or offer a medical diagnosis of his alleged injuries. *Cravens*, 275 F.3d at 641 ("Although a lay person may readily observe a [health] problem, the *causation* of a mental disease or defect is a more technical medical determination such that a court would find expert testimony particularly useful to its ultimate decision."); *see also Goffman v. Gross*, 59 F.3d 668, 672 (7th Cir. 1995) (holding that lay testimony is not sufficient to establish plaintiff's claim that secondhand smoke caused his symptoms). Ward can only lay the groundwork for the jury to infer causation by testifying about his present health conditions and whether they appeared prior to the incident. *Hendrickson*, 589 F.3d at 892-93 (plaintiff may describe the altercation and any ensuing pain or suffering he experienced at that time). Accordingly, the Defendants' motion with respect to evidence or testimony addressing the causation of Ward's alleged injuries is GRANTED.

## VI.  CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* (Docket # 34) is GRANTED.  It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury.  Counsel are further ORDERED to warn and caution each and

every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for the 6th day of December, 2011.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge